IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Raymond Warren,   Case No. 3:14CV00306

    Plaintiff

    v.   **ORDER**

Edward Sheldon, et al.,

    Defendants

    This is a 42 U.S.C. § 1983 action in which plaintiff Raymond Warren alleges defendants Ed Sheldon, Jodi Factor, Gary Parker, and Angelina Kallenberg, employees at the Toledo Correctional Institution (ToCI), violated his Eighth Amendment rights when they failed to protect him from gang beatings while he was incarcerated at ToCI. At the time of plaintiff's injuries, Ed Sheldon was ToCI's Warden, Jodi Factor was ToCI's Deputy Warden, and Gary Parker and Angelina Kallenberg were Ohio Department of Rehabilitation and Correction (ODC) inmate management officers.

    Pending is defendants Sheldon, Factor, and Parker's motion to dismiss (Doc. 18). For the following reasons, I grant the defendants' motion, without prejudice.

**Background**

    Warren is an ODC prisoner. While incarcerated at ToCI, members of the Aryan Brotherhood (Brotherhood), a notorious prison gang, attacked Warren on three different occasions.

On June 26, 2012, a gang member hit Warren in the back of head, giving Warren a head contusion and lacerating his face. Warren was transported to the emergency room, where he received several stitches.

Prison officials punished the inmate who assaulted Warren by placing him in administrative segregation. When the Brotherhood discovered that Warren was not punished for the fight, the Brotherhood labeled Warren a snitch and targeted him for further attacks.

On June 27, 2012, a Brotherhood member assaulted Warren, injuring his ribcage. A week later, the Brotherhood attacked Warren again in the recreation area. Several Brotherhood members surrounded him, blocked his escape, and brutally beat him. When correction officers stepped in to break up the fight, they sent Warren back to his unit.

Back at his unit, the Brotherhood was already waiting. Seeing that Warren was unprotected, the Brotherhood resumed its attack. Correctional officers, including defendant Kallenberg, responded to the fight, and Kallenberg placed two Brotherhood members and Warren in handcuffs. While Warren was handcuffed and unable to defend himself, Brotherhood members repeatedly kicked and punched Warren in the head until he was lying, unconscious, in a pool of his own blood.

Prison officers sent Warren to the emergency room, where he required fourteen stitches to close the lacerations on his face. Since the attack, Warren continues to suffer severe headaches and needs ongoing dental care for his damaged teeth.

Warren states that, prior to the beating, the defendants were aware of the Brotherhood's multiple attacks, yet did nothing to protect him. He further states he requested, but did not get, placement in protective custody.

Defendants Sheldon, Factor, and Parker move to dismiss Warren's complaint on the grounds that it does not contain factual allegations demonstrating they had knowledge of the risks that Warren faced.

**Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), the complaint, viewed in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. While detailed factual allegations are unnecessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a claim under 42 U.S.C. § 1983, plaintiffs must allege the violation of a right secured by the federal constitution or its laws and show that the deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Muskegon Cnty*., 625 F.3d 935, 940-41 (6th Cir.2010). Because § 1983 is a method for vindicating federal rights, and not a source of substantive rights itself, the first step in a § 1983 action is to identify the constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). At issue in this case is the Eighth Amendment.

**Discussion**

Under the Eighth Amendment, prison officials can be held liable for failing to protect inmates' health and safety:

> Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course.

*Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted).

Officials are liable for their failure to protect when they act with deliberate indifference "to a substantial risk of serious harm" to the inmate. *Id.* at 528.

The standard has both objective and subjective components. The objective component requires the inmate to show the alleged deprivation is "sufficiently serious," or, in other words, that he was "incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834. The subjective component, on the other hand, focuses on whether the officials acted with "deliberate indifference." *Id*. at 839. To act with deliberate indifference, the officials must be "subjectively aware of the risk" to the inmate and "disregard[] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (2003) (quoting *Farmer, supra*, 511 U.S. at 829, 847). Subjective awareness is difficult to establish: not only must the official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he must "also draw the inference." *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997) (quoting *Farmer, supra*, 511 U.S. at 837).

Plaintiff has alleged the facts of the assaults in detail. But his allegations as to the movants' knowledge of the assaults preceding the last attack is conclusory: "[o]n information and belief, Defendants Sheldon, Factor, and Parker were made aware of Mr. Warren's injuries

4

due to prior assaults but refused to put him in protective custody." (Doc. 1, ¶5). He also makes the barebones assertion that he "requested placement in protective custody, but did not receive it." (Doc. 1, ¶23).

Missing is any information concerning exactly (or even approximately) when, how, and to whom Warren asked for protective custody placement, and what information he told the movants about the prior assaults. Even if one or more of them were aware of the first time he needed off-site medical attention (as one would expect some or all would be), mere awareness is not enough to meet the deliberate indifference standard.

At this point, the allegations against the movants are insufficient. I must, therefore, dismiss. But dismissal is entirely without prejudice, and the scope of plaintiff's discovery shall be broad enough to determine what each of the movants knew about the activities of the Aryan Brotherhood, including, but not limited to prior attacks, if any, on other inmates, and all other circumstances that may have put the movants on notice of the risk of further attacks on the plaintiff and give rise to a plausible inference of deliberate indifference on the movants' part.[1]

For the foregoing reasons, it is hereby

ORDERED THAT defendants' motion to dismiss (Doc. 18) be and the same hereby is granted without prejudice.

---

[1] To the extent that Warren's allegations are based on the defendants' positions of authority at ToCI, he fails to state a claim. For claims brought under § 1983, defendants are only liable insofar as their own conduct is unconstitutional; defendants cannot be held liable solely for their failure to control employees or on the basis of *respondeat superior*. *Bellamy v. Bradly*, 729 F.2d 416, 421 (6th Cir.1984); *see also Heyerman v. Cnty of Calhoun*, 680 F.3d 642, 647 (6th Cir.2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir.2011) ("Personal involvement is necessary to establish § 1983 liability.").

The Clerk shall schedule a status/scheduling conference.

So ordered.

                                                 /s/ James G. Carr
                                             Sr. United States District Judge